UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INFORM INC.,<br><br>　　　　Plaintiff,<br>　　v.<br><br>GOOGLE LLC; GOOGLE INC.; ALPHABET INC.; YOUTUBE, LLC; YOUTUBE, INC.; and JOHN DOES 1-100,<br><br>　　　　Defendants. | CIVIL ACTION NO.<br>1:19-CV-05362-JPB |

## **ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss [Doc. 16]. This Court finds as follows:

### BACKGROUND

Plaintiff Inform, Inc. is a digital media advertising company that provides a platform of services to online publishers, content creators and online advertisers. [Doc. 1, p. 2]. Inform competes with Google "in the online advertising market, specifically online video advertising," and on November 25, 2019, Inform filed a Complaint against Defendants Google LLC, Google Inc., Alphabet Inc., YouTube, LLC, YouTube, Inc., and John Does 1-100 for anticompetitive behavior. Id. The Complaint alleges violations of the Sherman Act, violations of the Clayton Act and tortious interference. Id. at 93–101. On January 22, 2020, Defendants filed this Motion to Dismiss seeking dismissal of Inform's Complaint for the following

reasons: (1) the Complaint is a shotgun pleading; (2) Inform lacks standing; and (3) Inform fails to state a claim for numerous reasons. [Doc. 16-1, p. 9]. Additional facts are referenced below as needed.

## DISCUSSION

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018). Shotgun pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." Arrington v. Green, 757 Fed. App'x 796, 797 (11th Cir. 2018).

> Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are "standing in line," waiting for their cases to be heard. The courts of appeals and the litigants appearing before them suffer as well.

Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1356–57 (11th Cir. 2018). The Eleventh Circuit has even stated that tolerating shotgun pleadings "constitutes toleration of obstruction of justice." Id. at 1357. Typically,

> [s]hotgun pleadings are characterized by: (1) multiple counts that each adopt the allegations of the preceding counts; (2) conclusory, vague and immaterial facts that do not clearly connect to a particular cause of action; (3) failing to separate each cause of action into distinct counts; or (4) combining multiple claims against multiple

defendants without specifying which defendant is responsible for which act.

McDonough v. City of Homestead, 771 Fed. App'x 952, 955 (11th Cir. 2019).

This Court finds that Inform's Complaint is a "quintessential 'shotgun' pleading of the kind [the Eleventh Circuit has] condemned repeatedly." Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001). At 105 pages, it is in no sense a "short and plain statement of the claim" required by the Federal Rules of Civil Procedure. It is virtually impossible to know which allegations of fact are intended to support which claims of relief since each cause of action incorporates more than 190 paragraphs. Here, the Complaint suffers from three of the characteristics noted above: (1) multiple counts that each adopt the allegations of the preceding counts; (2) conclusory, vague and immaterial facts that do not clearly connect to a particular cause of action; and (3) a combination of multiple claims against multiple defendants without specifying which defendant is responsible for which act.

First, the Complaint incorporates by reference 194 paragraphs of factual allegations into each of its six enumerated causes of action and each cause of action incorporates by reference each and every prior cause of action. [Doc. 1, pp. 93–101]. For example, Inform begins Counts 1 and 2 as follows: "Plaintiff repeats and re-alleges every allegation above as if set forth herein in full." Id. at 93–94. Second, each enumerated cause of action is asserted against all defendants

3

and Inform essentially accuses all defendants of being responsible for all alleged acts and omissions, such that no one defendant can identify what exactly it did wrong. Id. at 93–101. For example, Inform alleges that on April 4, 2016, "the Google team contacted one of Inform's customers" in an attempt to convince the customer to switch to Google services and then Inform asserts Count 4 (tortious interference) against all defendants (Google LLC, Google Inc., Alphabet Inc., YouTube, LLC, YouTube, Inc., and John Does 1-100). Id. at 65, 100. As a result, each count of the Complaint requires the reader to identify and sift through over 190 paragraphs that are incorporated into each count and then parse through numerous allegations to identify those that have some relevance to a particular defendant or cause of action. Lastly, within the numerous factual allegations, the Complaint includes conclusory, vague and immaterial facts. Id. at 1–93. For example, Inform includes numerous paragraphs regarding the European Union Commission's investigations into Google. See Id. at 89–91. As a result, "each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." Magluta, 256 F.3d at 1284.

Importantly, however, before dismissing a complaint with prejudice on shotgun pleading grounds, "the district court must first explain how the pleading violates the shotgun-pleading rule and give the plaintiff at least one opportunity to

re-plead the complaint." Arrington, 757 Fed. App'x at 797.  The Court has explained how the Complaint violates the shotgun-pleading rule above and will therefore give Inform an opportunity to re-plead its Complaint in accordance with the following:

(1) Inform may not include conclusory, vague and immaterial facts that do not clearly connect to a particular cause of action.

(2) Inform may not incorporate every factual paragraph into each count.

(3) Inform must indicate which of the factual paragraphs support each individual count alleged.

(4) Inform must identify what precise conduct is attributable to each individual defendant separately in each count when asserting a single count against multiple defendants.

(5) Each individual count may only be based on a single legal claim (i.e., Inform may not assert a violation of § 2 of the Sherman Act and a violation of § 3 of the Clayton Act together in the same count).

## CONCLUSION

For the foregoing reasons, to the extent Defendants' Motion to Dismiss [Doc. 16] seeks dismissal on shotgun pleading grounds, the Motion is **GRANTED in part and DENIED in part**.  The Court strikes the Complaint and orders Inform

to file an Amended Complaint that complies with this Order no later than October 9, 2020.  To the extent the Motion addresses the merits, it is **DENIED** as moot.

**SO ORDERED** this 25th day of September, 2020.

_____
**J. P. BOULEE**
United States District Judge